# LEVIN-EPSTEIN & ASSOCIATES, P.C.
---

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792.0048 • E: Jason@levinepstein.com

<u>*Via Electronic Filing*</u>
The Honorable Nina R. Morrison, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: *Martinez v. Pure Green NYC Wholesale Corp.*
        Case No.: 1:23-cv-04247-NRM-MMH

Dear Honorable Judge Morrison:

  This law firm represents Defendant Pure Green NYC Wholesale Corp. ("Pure Green", or the "Defendant") in the above-referenced action.

  Pursuant to Your Honor's Individual Motion Practice Rule 5.1.1, this letter respectfully serves to request a pre-motion conference on Defendant's anticipated motion to dismiss (the "Motion to Dismiss") the Complaint, filed on June 8, 2023 [Dckt. No. 1] ("the Complaint", or the "*Compl.*"), by Plaintiff Pedro Martinez (the "Plaintiff") pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 12(b)(1) and 12(b)(6) (the "Motion to Dismiss").

  As set forth more fully below, the instant action is demonstrative of the "potential for abuse of the ADA noted in numerous cases in districts throughout the country." *Access 4 All, Inc*, 2006 U.S. Dist. LEXIS 96742 at *34. The Complaint should be dismissed because Plaintiff's allegations of "a bare procedural violation, divorced from any concrete harm," cannot "satisfy the injury-in-fact requirement of Article III." *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). Moreover, Plaintiff has not – and cannot – establish the requisite "reasonable inference" of an intent to genuinely patronize the website located at https://www.puregreen.com/ (the "Website").

  **I.** **Plaintiff Lacks Standing Because He Suffered No Injury-In-Fact**

  Standing is an integral part of the constitutional limitation that federal courts can hear only cases or controversies pursuant to Article III of the United States Constitution. *See Simon v. Eastern Kentucky Welfare Right Organization*, 426 U.S. 26, 41-42 (1976). Absent Article III standing, a federal court "lacks subject matter jurisdiction to hear the case and it must be dismissed." *Ross v. AXA Equitable Life Ins. Co.*, 115 F. Supp. 3d 424, 432 (S.D.N.Y. 2015). "'[T]he standing question is whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Warth v. Seldin*, 422 U.S. 490, 489-90 (1975), (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962). A plaintiff bears the burden of meeting the "irreducible constitutional minimum of standing" by proving these three elements:

> First, the plaintiff **must have** suffered an injury in fact - an invasion of a legally protected interest which is (a) **concrete and particularized** and (b) **actual or imminent**, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of - the injury has to be

fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotations, and citations omitted), (emphasis added). The "actual or imminent" component has special importance in cases seeking prospective injunctive relief. That is because standing for injunctive relief requires "a *present* case or controversy"; past harm "unaccompanied by any continuing, present adverse effects" is not enough. *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974) (emphasis added). A plaintiff must demonstrate a "threat of future injury" that is "real and immediate," and "not conjectural or hypothetical." *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004); *accord City of Los Angeles v. Lyons*, 461 U.S. 95, 102–06 (1983).

In determining whether an ADA plaintiff has raised such an inference, the Second Circuit has instructed that courts should consider a variety of factors, including the proximity of the defendant's services to the plaintiffs home, the frequency of the plaintiff's past visits to defendant's public accommodation, plaintiff's occupation, plaintiff's demonstrated travel habits, and a plaintiff's serial litigation history.[1] *Tozzer, Ltd.*, 2018 WL 1872194 at *4 (citations omitted).

When considered alongside Plaintiff's vague allegations of past patronage, and serial litigation history[2], Plaintiff's indefinite plan to return to the Website fails to plausibly demonstrate an injury-in-fact, as required to establish standing under Title III.

## II. Plaintiff Cannot Establish a "Reasonable Inference" of an Intent to Genuinely Patronize the Website

In the case at bar, Plaintiff calls into question whether they have established the requisite "reasonable inference" of an intent to genuinely patronize the Website. *Access 4 All, Inc. v. Thirty E. 30th St., LLC*, 2006 U.S. Dist. LEXIS 96742 (S.D.N.Y. 2006). *In Access 4 All, Inc.*, the Court dismissed the action after finding that the plaintiff failed to establish the requisite "reasonable inference" of an intent to patronize the defendant's subject premises. 2006 U.S. Dist. LEXIS 96742 (S.D.N.Y. 2006). In dismissing the action, the Court considered the following:

1. that plaintiff "[did] not suggest that he ever previously stayed at the [subject premises], patronized the restaurant there, used any of the [subject premises'] facilities for any reason, or stayed at any other [property] affiliated with the [defendants] or under common management," *id*. at *27;

---

[1] "The more hotels sued by an individual ADA plaintiff, the less likely it is that the plaintiff will be able to demonstrate a plausible intention to return to each of those hotels in the 'imminent' future to enjoy its facilities." *Access 4 All, Inc. v. Thirty E. 30th St., LLC,* 2006 U.S. Dist. LEXIS 96742 at *33 (S.D.N.Y. 2006); *Laufer v. Dove Hess Holdings, LLC*, 2020 U.S. Dist. LEXIS 246614 (N.D.N.Y. 2020) *motion to certify appeal denied*, 2021 WL 365881 (N.D.N.Y. 2021) (taking judicial notice of carbon-copy ADA lawsuits filed by plaintiff in context of challenge to standing).
[2] A true and correct compendium of the ***1,470*** cases filed in the Southern and Eastern Districts of New York by Plaintiff's counsel, Dan Shaked ("Attorney Shaked"), is annexed hereto as Exhibit "A".

2. that plaintiff "provided no indication of any specific plans or events that would lead him back to the [subject premises]", *id*. at *28;

3. that plaintiff "presented no evidence as to why, should he need to stay at [the subject premises], he would choose the particular [property] at issue in this case, over any of the numerous other [properties] available to him," *id*.;

4. that plaintiff "offered no explanation here as to why [d]efendant's [subject premises] was particularly well-appointed, well-located, or otherwise desirable or convenient for him," *id*. at *29; and,

5. that plaintiff's "generalized assertions as to his intention to return to the [subject premises] in order to enjoy its facilities and services are rendered less plausible by the simple fact that he has served as a named plaintiff in so many similar ADA cases" *id*. at *33.

District courts in the Second Circuit, and in other Circuits, have dismissed nearly identical pleadings filed by other "tester" plaintiffs for failing to establish actual or imminent injury sufficient to confer standing. *See e.g., Sarwar v. L.S.K., Inc.,* 2021 WL 4317161, at *3 (D.N.J. 2021); *see also Harty v. West Point Realty, Inc.,* 477 F. Supp. 3d 163, 168 (S.D.N.Y. 2020), *appeal docketed*, No. 20-2672 (2d. Cir. 2021).

### III. Conclusion

For all of the foregoing reasons, it is respectfully submitted the Court schedule a pre-motion conference on Defendant's anticipated Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

Thank you, in advance, for your time and attention to this matter.

Respectfully submitted,

    LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Jason Mizrahi*
Jason Mizrahi, Esq.
60 East 42nd Street, Suite 4700
New York, New York 10165
Tel. No.: (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for Defendant*