**SHAKED LAW GROUP, P.C.**
Attorneys-At-Law
14 Harwood Court, Suite 415
Scarsdale, New York 10583

_____

Tel.  (917) 373-9128
ShakedLawGroup@Gmail.com

August 17, 2023

**FILED BY ECF**
Hon. Nina R. Morrison
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Plaintiff's Opposition to Defendant's Pre-Motion Conference
      *Pedro Martinez v. Pure Green NYC Wholesale Corp.*
      Case No. 23-cv-4247-NRM-MMH

Dear Judge Morrison:

Plaintiff, Pedro Martinez ("Plaintiff"), by and through counsel, respectfully submits this letter in opposition to Defendant Pure Green NYC Wholesale Corp.'s ("Defendant" or "Pure Green") request for a pre-motion conference, dated August 14, 2023. *See* ECF Dkt. 9. This letter serves as Plaintiff's response, under Rule 5.1.3 of this Court's Individual Motion Practices and Rules, in the matter above.

### Background

When we receive pre-motion letters alleging lack of standing, we promptly review the complaint that was filed to determine if vital details were left out such that an amendment would cure the problem. In the case at hand, we believe that the original complaint satisfied all standing requirements and that the request for a pre-motion conference should be denied.

Plaintiff is a visually-impaired and legally blind person who requires screen-reading software to read website content using his computer. Defendant owns and operates juice bars throughout the country as well as a website known as www.puregreen.com which provides customers with access to the goods and services offered to the public at the juice bars, including the ability to make purchases for delivery to the customers' home. *See Comp*. ¶ 21. This suit concerns Defendant's inaccessible website, which is what allows customers to make purchases for delivery to their doorsteps, and Plaintiff's inability to make purchases.

### Defendant's Pre-Motion Letter

Defendant requests to file a motion to dismiss on the grounds that Plaintiff cannot establish an injury in fact and so lacks standing and that Plaintiff cannot establish an intent to genuinely patronize the website. Both arguments fail.

**Hon. Nina R. Morrison**
August 17, 2023
Page 2 of 4

**<u>Standing</u>**

At all stages of litigation, a plaintiff must have Article III standing to sue in federal court. *See Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 73 (2d Cir. 2022). In particular, "a plaintiff must prove: (1) injury in fact, which must be (a) concrete and particularized, and (b) actual or imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) that the injury is likely to be redressed by a favorable decision." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013); *see also TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2200–03 (2021).

Relevant here for an injury in fact, in the Second Circuit, courts examine a plaintiff's intent to return "to ensure that the risk of harm is sufficiently imminent and substantial to establish standing." *Swarovski*, 36 F.4th at 74–75 (cleaned up) (citation omitted). To be sure, the intent-to-return inquiry is not that arduous or tricky; it is "a context-specific task that requires a reviewing court to draw on its judicial experience and common sense," mainly assessing the plausibility of a plaintiff's allegations. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "In the virtual world the [intent to return] requirement can be met by non-conclusory, plausible factual allegations from which it is reasonable to infer, based on the past frequency of visits and the plaintiff's articulated interest in the products or services available on the particular website, that the plaintiff intends to return to the website." *Zinnamon v. Satya Jewelry II, LLC*, 23-CV-781 (VEC), 2023 U.S. Dist. LEXIS 74479, at *3 (S.D.N.Y. Apr. 28 2023).

Here, Plaintiff has adequately demonstrated his intent to return to Defendant's website as well as all other requirements for standing purposes. Plaintiff made multiple attempts—none of which were successful—to use Defendant's website to make purchases of specific items, including the **Immunity Shot** and the **Best Sellers Package** for delivery to his doorstep *Id.* ¶ 11, 21, and 43. These attempts were made on specific dates, **May 31, 2023** and **June 4, 2023**, amongst other numerous attempts *Id.* ¶ 43. Plaintiff explained his desire for purchasing the products – Pure Green has store locations in Brooklyn and Plaintiff visited the store at 325 Gates Avenue in Brooklyn, tried the products, and really liked them. He especially liked the fact that they are an easy way to consume vital nutrients and feel energized and that they are sold at affordable prices and in many flavors. Plaintiff further indicated that if the website was accessible and if he was not deterred from making purchases on the website, he would continue to make purchases on defendant's website *Id.* ¶ 44.

Defendant spends the majority of its time analyzing case law, but fails to show how the case law applies to the facts of this case. Defendant only touches upon the intent-to-return prong by highlighting the "proximity of the defendant's services to the plaintiff's home." However, unlike a brick-and-mortar ADA case, a website is accessible at any moment, and, thus, an inability to make a purchase can only be attributed to access barriers (whereas for brick-and-mortal locations it can be attributed to proximity, travel time, etc.). *See Sanchez v. Nutco, Inc.*, 10-CV-10107 (JPO), 2022 U.S. Dist. LEXIS 51247, at *7 (S.D.N.Y. Mar. 22, 2022) (citing *Quezada v U.S. Wings, Inc.*, 20 Civ. 10707 (ER), 2021 U.S. Dist. LEXIS 234057, at *4 (S.D.N.Y. Dec. 7 2021)). Determining whether an ADA website accessibility complaint properly alleges whether plaintiff lives in "close proximity" to a specific location makes no sense when goods can be browsed, bought, and delivered to Plaintiff's home through a website. Likewise,

**Hon. Nina R. Morrison**
August 17, 2023
Page 3 of 4

factual considerations of an intent to return regarding a physical location, such as how often the plaintiff walks by the location, or how often they enter the facility, are not applicable. *Cf. Lopez v. Arby Franchisor, LLC*, 19-CV-10074 (VSB) 2021 U.S. Dist. LEXIS 43838. at *10 (S.D.N.Y. March 8, 2021).

Realizing the weakness of its standing argument, Defendant then attempts to smear Plaintiff and Plaintiff's counsel by referring to Plaintiff as a serial filer and highlighting the number of cases that my firm has filed in the Southern and Eastern Districts of New York.

Defendant's counsel alleges that I filed 1,470 cases in the Southern and Eastern Districts of New York. While I will admit that I was not aware of the number of cases I have filed, Defendant's counsel failed to investigate or note the relevant facts: (i) I have been admitted to the Federal Bar since 1991, so frankly, I am surprised to learn that the number is not greater; (ii) nearly 50% of the cases filed in the SDNY have nothing to do with ADA – they involve Jones Act, Bankruptcy, FDCPA, and TCPA; (iii) roughly 10% of the cases filed in the EDNY also have nothing to do with ADA. On the other hand, Defendant's counsel has filed or appeared in nearly 500 cases in the Southern and Eastern Districts of New York as well as State Courts. As they say, people who live in glass houses should not throw stones.

**Plaintiff has an Interest to Genuinely Patronize the Website**

Pedro Martinez does not claim to be a "tester" of websites. Mr. Martinez has filed many ADA cases in the past, but in 2023 he only filed eleven cases. Plaintiff is very careful and only files cases where he "genuinely" wants to purchase the product. And in any case, the number of times a Plaintiff has filed is not dispositive as to whether they have standing in ADA website-compliance cases. *See Davis v. Wild Friends Foods, Inc.*, 22-CV-04244 (LJL), 2023 U.S. Dist. LEXIS 115542, at *10-*11 (S.D.N.Y. July 5 2023).

Defendant relies on *Access 4 All, Inc. v. Thirty E. 30th St., LLC*, 2006 U.S. Dist. LEXIS 96742 (S.D.N.Y. 2006) for the premise that Plaintiff failed to establish "reasonable inference" of an intent to patronize defendant's physical location. That case involved a disabled person using a motorized scooter who claimed to be a "tester" of hotel accessibility and encountered physical architectural barriers after booking a hotel in NYC. The court found his intent-to-return unreasonable as he already resided in NYC, previously sued dozens of NYC hotels, and booking a hotel in the city in which he resides 'again and again' (unlike a restaurant booking) simply did not make sense. As stated above and in the Complaint (¶ 44), the intent-to-return to a brick-and-mortar location is not relevant to a website case and Plaintiff does not claim to be a tester.

In the case at hand, Pedro Martinez not only suggested, but stated unambiguously that he learned about and became interested in defendant's product after visiting one of Defendant's stores – and even gave the address: 325 Gates Avenue in Brooklyn. *Comp.* ¶ 44. As a blind person, visiting a store is challenging, so he stated that he would like to purchase defendant's products on defendant's website if the website was accessible. He liked that the products are an easy way to consume vital nutrients and feel energized and that they are sold at affordable prices in many flavors. *Id*. Pedro Martinez has not served as a Plaintiff in many ADA cases in 2023. In

Hon. Nina R. Morrison
August 17, 2023
Page 4 of 4

fact, he is very picky and only wants to serve as a Plaintiff in cases in which is truly desires the products offered. As such, he has only filed 11 cases in 2023.

Defendant also relies on *Sarwar v. L.S.K., Inc.*, 2021 U.S. Dist. LEXIS 182044 (D.N.J. 2021) and *Harty v. West Point Realty, Inc.*, 477 F. Supp. 3d 163 (S.D.N.Y. 2020). In both of those cases, plaintiffs' cases were dismissed for lack of standing as a result of their failure to demonstrate an immediate threat of future injury. Both cases cite the plaintiffs' tester status and their failure to assert with sufficient specificity concrete plans to visit Defendants' physical locations in the near future. *Sarwar*, 2021 U.S. Dist. LEXIS 128044 at *6; *Harty*, 477 F. Supp. 3d at 168. As discussed above, the intent-to-return requirements for website cases are not the same as those in brick-and-mortar cases. A plaintiff need only plausibly demonstrate, based on frequency of past visits and specific, articulated interest in the Defendant's products or services, that they intend to return to the website. *See Zinnamon*, 2023 U.S. Dist. LEXIS 74479, at *3. Plaintiff in the case at bar has plead a concrete intent to return sufficient to demonstrate a clear threat of future, imminent harm. Plaintiff has asserted that he visited Defendant's physical location in Brooklyn and has visited their website on multiple occasions in order to make a purchase. *See Comp.* ¶ 43. Plaintiff also explained how he came across Defendant's products, and that he prefers their products to other similar products because they are nutrient rich and sold at affordable prices. *Id.* ¶ 44. This, at the pleading stage, is enough to meet the intent-to-return requirement and satisfy the standing issue.

**Conclusion**

For the above reasons, Plaintiff does not believe that any supportable grounds exist for Defendant to proceed, in good faith, with a motion to dismiss. Plaintiff asks this Court to deny Defendant's request for leave to move to dismiss.

Respectfully submitted,
*/s/Dan Shaked*
Dan Shaked, Esq.

cc:    Counsel for Defendant (via ECF)