# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165<br>
T: 212.792.0046• E: Joshua@levinepstein.com

*Via Electronic Filing*
The Hon. Nina R. Morrison, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

            Re:    *Martinez v. Pure Green NYC Wholesale Corp.*
                    Case No.: 1:23-cv-04247-NRM-MMH

Dear Honorable Judge Morrison:

      This law firm represents Defendant Pure Green NYC Wholesale Corp. ("Pure Green", or the "Defendant") in the above-referenced action.

      Pursuant to Your Honor's Individual Motion Practice Rule 5.1.1, this letter respectfully serves to request a pre-motion conference on Defendant's anticipated motion to dismiss (the "Motion to Dismiss") the Complaint [Dckt. No. 1] (the "Complaint", or the "*Compl.*"), filed by Plaintiff Pedro Martinez (the "Plaintiff"), pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 12(b)(1). This is the second application that seeks the dismissal of Plaintiff's Complaint.

      The Complaint alleges that Plaintiff, a visually impaired person, attempted to "complete a purchase on Puregreen.com" on "May 31, 2023 and June 4, 2023." [*Compl*. at ¶ 43]. The Complaint further alleges that:

> "Defendant is denying blind and visually-impaired persons throughout the United States with equal access to the goods and services Pure Green provides to their non-disabled customers through http//:www.Puregreen.com…"

[*Id*. at ¶ 4]. While the Complaint is twenty-eight (28) pages, the Complaint is another boiler-plate complaint similar in all respects to the eleven (11) ADA complaints that Plaintiff filed in 2023, as acknowledged by the Court. [Minute Entry Order 9/3/23].

      In the case at bar, the Complaint is fundamentally flawed, and subject to dismissal because of Defendant's remediation of its website, puregreen.com, prior to the dates Plaintiff alleges to have visited it. Before the dates referenced in the Complaint, Defendant had its website audited for compliance with version 2.1 of the Web Content Accessibility Guidelines ("WCAG 2.1"). The Complaint admits that "WCAG 2.1 are well-established guidelines for making websites accessible to blind and visually-impaired persons." [*Compl*. at ¶ 4].[1] Given that Defendant had its website,

---

[1] WCAG 2.0 guidelines are private industry standards for website accessibility developed by technology and accessibility experts. WCAG 2.0 guidelines have been widely adopted, including by federal agencies, which conform their public-facing, electronic content to WCAG 2.0 level A and level AA Success Criteria. 36 C.F.R. pt. 1194, app. A (2017). In addition, the Department of Transportation requires airline websites to adopt these accessibility standards. *See* 14 C.F.R. § 382.43 (2013). Notably, the Department of Justice has required ADA-covered entities to comply with

www.puregreen.com, certified as compliant with WCAG 2.1 *prior to* the dates that Plaintiff alleges to have visited the website, the Complaint's boiler-plate allegations of non-compliance with WCAG 2.1 should not be credited.

The Complaint's boiler-plate allegations are further suspect for another independent reason. The Complaint omits that Plaintiff had installed a feature on its website for the visually-impaired prior to the dates alleged in the Complaint. Defendant installed on its website an application for web accessibility for the visually-impaired from a company called AccessiBe.[2] Defendant's website, at all relevant times, included the AccessiBe icon (the "AccessiBe Icon") feature for the visually-impaired as follows:



When a visitor to Defendant's website prompts the AccessiBe Icon, the following information for the visually impaired appears on the screen[3]:



---

WCAG 2.0 level AA (which incorporates level A) in many consent decrees and settlement agreements in which the United States has been a party."
[2] AccessiBe.com.
[3] Due to the size of the image, the image represented below provides only a partial screenshot.

The Complaint inexplicably neglected to include the information referenced above.

**I.      Plaintiff's Claims Under the ADA are Moot and Plaintiff Lacks Standing**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Suris v. Crutchfield New Media, LLC*, 2023 WL 3792512, at *2 (E.D.N.Y. 2023) (internal citations and quotations omitted). "Standing is the threshold question in every federal case, determining the power of the court to entertain the suit." *Id*. (internal citations and quotations omitted). "A district court must dismiss a complaint for lack of subject matter jurisdiction, under Rule 12(b)(1) of the Federal Rules of Civil Procedure, if a plaintiff fails to establish standing to bring the action." *Id*. (internal citations and quotations omitted).

The elements required for a claimant to have standing under the ADA are as follows: (1) it needs to be "reasonable to infer from [the plaintiff's complaint] that the discriminatory treatment will continue," (2) it needs to be "reasonable to infer that [the plaintiff] intend[s] to return to [the public accommodation] ", and (3) the plaintiff "alleges past injury under the ADA." *Guglielmo v. Nebraska Furniture Mart, Inc.*, 2020 WL 7480619, at *3 (S.D.N.Y. 2020) (internal citations and quotations omitted).  Here, Plaintiff cannot satisfy the first element to establish ADA standing.

Regarding the first requirement, to dismiss an ADA claim as moot, "a movant must demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Sullivan v. Study.com LLC*, 2019 WL 1299966, at *5 (S.D.N.Y. 2019) (internal citations and quotations omitted). The defendant must demonstrate that it is " 'absolutely clear that the alleged wrongful behavior could not reasonably be expected to recur.' " *Diaz v. Kroger Co.*, 2019 WL 2357531, at *2 (S.D.N.Y. 2019) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000)).  Like standing, mootness is addressed under 12(b)(1). *Suris v. Crutchfield New Media, LLC*, 2023 WL 3792512, at *2 (E.D.N.Y. 2023).

In the case at bar, Defendant had its website certified for compliance with WCAG 2.1 ***before*** May 31, 2023 and June 4, 2023, which are the dates referenced in the Complaint.  [*Compl.* at ¶ 43].  Given that Defendant undertook compliance with WCAG 2.1 accessibility standards before the commencement of the instant lawsuit and Defendant's website currently includes the AccessiBe feature, Plaintiff lacks standing and Plaintiff's ADA claim is moot.  "District courts have held that similar efforts have rendered website-based ADA claims moot." *Suris v. Crutchfield New Media, LLC*, 2023 WL 3792512, at *5 (E.D.N.Y. 2023).

Thus, Defendant satisfies the legal standard for mootness. *Suris v. Crutchfield New Media, LLC*, 2023 WL 3792512, at *4 (E.D.N.Y. 2023).

**II.     Conclusion**

For all of the foregoing reasons, it is respectfully requested that the Court schedule a pre-motion conference on Defendant's anticipated Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1).

Thank you, in advance, for your time and attention to this matter.

Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Joshua Levin-Epstein*
Joshua Levin-Epstein, Esq.
60 East 42nd Street, Suite 4700
New York, New York 10165
Tel. No.:  (212) 792-0046
Email: Joshua@levinepstein.com
*Attorneys for Defendant*