**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X
Pedro Martinez, *Individually and as the representative of a class of similarly situated persons*,

                                   *Plaintiff*,

                      -*against*-

Pure Green NYC Wholesale Corp.,

                                 *Defendants*.
-----------------------------------------------------------------------X

Case No.: 23-cv-04247

Hon. Nina R. Morrison, U.S.D.J.

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

**LEVIN-EPSTEIN & ASSOCIATES, P.C.**
Joshua Levin-Epstein, Esq.
Jason Mizrahi, Esq.
60 East 42nd Street, Suite 4700
New York, NY 10165
*Attorneys for Defendant*

Dated: New York, New York
          May 17, 2024

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** .................................................................................................... ii

**PRELIMINARY STATEMENT** ............................................................................................. 1

**STATEMENT OF FACTS** ...................................................................................................... 2

**LEGAL STANDARD** ............................................................................................................. 3

    I.    Legal Standard for Dismissal Under Fed.R.Civ.P. 12(b)(1) ................................................ 3

**ARGUMENT**............................................................................................................................ 4

    **I.    Plaintiff's *Sole* Federal Claim Under the ADA has Been Mooted** ................................ 4

    **II.   Plaintiff Lacks Standing to Seek Injunctive Relief Because the Website has Been Remediated**................................................................................................................. 5

        A.    The Alleged Discriminatory Treatments Will not Continue Because the Website has Been Remediated ................................................................................................. 6

    **III. Plaintiff's State and City Law Claims Should Still be Dismissed on the Merits** .......... 6

        A.    Plaintiffs NYSHRL and NYCRL Claims Should be Dismissed for the Same Reasons as Plaintiff's ADA Claim ................................................................................................. 6

    **IV. If Plaintiff's ADA Claim is Dismissed, Her State and City Law Claims Should Be Dismissed Due to a Lack of Supplemental Subject Matter Jurisdiction**....................... 7

**CONCLUSION** ........................................................................................................................ 8

## **TABLE OF AUTHORITIES**

**Cases**

*Already, LLC v. Nike, Inc.*,
    133 S.Ct. 721 (2013) ................................................................................................ 4

*Amador v. Andrews*,
    655 F.3d 89 (2d Cir. 2011) ........................................................................................ 4

*Aurecchione v. Schoolman Transp. Sys., Inc.*,
    426 F.3d 635 (2d Cir. 2005) ...................................................................................... 3

*Bacon v. Walgreen Co.*,
    951 F. Supp. 3d 446 (E.D.N.Y. 2015) ................................................................... 4, 8

*Bangladesh Bank v. Rizal Commercial Banking Corp.*,
    2020 WL 1322275 (S.D.N.Y. 2020) ......................................................................... 7

*Cave v. E. Meadow Union Free Sch. Dist.*,
    514 F.3d 240, 250 (2d Cir. 2008) .............................................................................. 7

*Clear Channel Outdoor, Inc. v. City of New York*,
    594 F.3d 94 (2d Cir. 2010) ........................................................................................ 5

*Cohen v. Postal Holdings, LLC*,
    873 F.3d 394 (2d Cir. 2017) ...................................................................................... 7

*CWCapital Cobalt VR Ltd. v. CWCapital Investments LLC*,
    2018 WL 2731270 (S.D.N.Y. 2018) ......................................................................... 7

*Del-Orden v. Bonobos, Inc.*,
    2017 WL 6547902 (S.D.N.Y. 2017) ......................................................................... 3

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
    528 U.S. 167 (2000) .................................................................................................. 2

*Gropper v. Fine Arts Housing, Inc.*,
    12 F. Supp. 3d 664 (S.D.N.Y. 2014) ......................................................................... 5

*Harty v. Greenwich Hosp. Grp., LLC*,
    536 F. App'x 154 (2d Cir. 2013) ............................................................................... 6

*Hurley v. Tozzer, Ltd.*,
    2018 WL 1872194 (S.D.N.Y. 2018) ............................................................................... 5, 6

*J.S. ex rel. N.S. v. Attica Cent. Schs.*,
    386 F.3d 107 (2d Cir. 2004) ................................................................................................ 4

*Jones v. Goord*,
    435 F. Supp. 2d 221 (S.D.N.Y. 2006) ................................................................................. 4

*Kolari v. N.Y.- Presbyterian Hosp.*,
    455 F.3d 118 (2d Cir. 2006) ................................................................................................ 8

*Kreisler v. Humane Socy. of New York*,
    2018 WL 4778914 (S.D.N.Y. 2018) ................................................................................... 7

*Kreisler v. Second Ave. Diner Corp.*,
    731 F.3d 184 (2d Cir. 2013) ................................................................................................ 6

*Lewis v. Continental Bank Corp.*,
    494 U.S. 472, 477 (1990) .................................................................................................... 4

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ............................................................................................................ 5

*Makarova v. United States*,
    201 F.3d 110 (2d Cir. 2000) ............................................................................................ 3, 4

*Mestecky v. New York City Dep't of Educ.*,
    2018 WL 10509457 (E.D.N.Y. 2018) ................................................................................. 6

*Murphy v. Hunt*,
    455 U.S. 478 (1982) ............................................................................................................ 4

*Premier Health Ctr., P.C. v. CureMD.com, Inc.*,
    2018 WL 1578384 (S.D.N.Y. 2018) ................................................................................... 7

*Rizzi v. Hilton Domestic Operating Co.*,
    2019 U.S Dist. LEXIS 120999 (E.D.N.Y. 2019) ............................................................... 6

*Sharkey v. Quarantillo*,
    541 F.3d 75 (2d Cir. 2008) .................................................................................................. 3

*Stan v. Wal-Mart Stores, Inc.*,
    111 F. Supp. 2d 119 (N.D.N.Y. 2000) .................................................................................. 8

**Statutes**

42 U.S.C § 2000a–3 ................................................................................................................... 4

42 U.S.C. § 12188(a)(1) ............................................................................................................ 4

Fed.R. Civ. P. 12(b)(1) .............................................................................................................. 3

Defendant Pure Green NYC Wholesale Corp. ("Pure Green", or the "Defendant"), by and through the undersigned counsel, respectfully submits this Memorandum of Law, together with the Affidavit of Ross Franklin, and the exhibit annexed thereto (the "Franklin Aff."), in support of Defendant's motion to dismiss the complaint filed on June 8, 2023 [Dckt. No. 1] (the "Complaint, or the "*Compl*") of Plainitff Pedro Martinez (the "Plaintiff"), pursuant to Federal Rules of Civil Procedure ("Fed.R.Civ.P.") 12(b)(1) (the "Motion to Dismiss"), and as grounds thereto respectfully states as follows:

## PRELIMINARY STATEMENT

Plaintiff alleges that Pure Green's website, http//:www.Puregreen.com, (the "Website"), is not equally accessible to blind and visually impaired consumers, in violation of Title III of 42 U.S.C. 12181, *et seq*. (the "ADA"). As set forth more fully below, Plaintiff's Complaint should be dismissed in its entirety because the Plaintiff's *sole* federal claim is moot. As of April 19, 2023 (*i.e.,* nearly one (1) month prior to the dates Plaintiff alleges to have visited the Website, and two (2) months before the filing of the Complaint) [*see Compl*. at ¶ 43][1], Pure Green completely and irrevocably remediated the Website, in compliance with version 2.1 of the Web Content Accessibility Guidelines ("WCAG 2.1"). Thus, there is no justiciable controversy over which this Court can exercise jurisdiction.

The law is clear. Where, as here, a defendant permanently and irrevocably remedies the complained of access barriers, a plaintiff's ADA claim is rendered moot, because the injunctive relief sought no longer exists. *See Suris v. Crutchfield New Media, LLC*, 2023 WL 3792512, at *2 (E.D.N.Y. 2023); *Diaz v. Kroger Co.,* 2019 WL 2357531, at *5 (S.D.N.Y. 2019). Under these circumstances, this Court no longer has authority to adjudicate the case because "subsequent

---

[1] The Complaint alleges that "Plaintiff, Pedro Martinez, has made numerous attempts to complete a purchase on Puregreen.com, most recently on May 31, 2023 and June 4, 2023."

1

events [have] made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc*., 528 U.S. 167, 189 (2000).

As this Court does not have subject matter jurisdiction over the Plaintiff's lone federal ADA claim, it is respectfully submitted that, to the extent Plaintiff's state and city law claims are not dismissed on the merits, Plaintiff's state and city law claims should be dismissed due to a lack of subject matter jurisdiction and supplemental jurisdiction.

## STATEMENT OF FACTS

Defendant operates http//:www.Puregreen.com (*i.e.,* the "Website"), a commercial website that offers the sale of cold-pressed juices and cold-pressed shots. [*Compl.* at ¶¶ 21, 28, 30]. According to the operative Complaint, Plaintiff is a "visually-impaired and legally blind person[.]" [*Id*. at ¶ 2]. The Complaint does not allege whether Plaintiff has no vision at all, or has low vision. [*Id*.]. Plaintiff is also a self-proclaimed ADA "tester". [*Id*. at ¶ 6]. The Complaint alleges that on "May 31, 2023" and "June 4, 2023" [*id.* at ¶ 43] Plaintiff visited the Website, where he[2] allegedly encountered three (3) alleged barriers. [*Id*. at ¶ 37(a) – (c)]. The Complaint does not specify where on the Website these alleged barriers are located. [*Id*.].

Plaintiff alleges that he intends on returning to the Website at an unspecified date in the future, to complete a purchase, should the Website become accessible. [*Id*. at ¶ 44]. The Complaint also references the WCAG 2.1, *i.e.,* the "well-established guidelines for making websites accessible to blind and visually impaired persons[,]" adopted by "[m]any Courts…as the standard guideline for accessibility." [*Id*. at ¶¶ 27, 68, 83, 98].

---

[2] Certain paragraphs of the Complaint refer to Plaintiff as "he" [*Compl.* at ¶¶ 37, 44; *see also* ¶¶ 1, 50], while others refer to Plainitff as "her" [*id.* at ¶ 2]. It is unclear whether or not Plaintiff uses multiple preferred pronouns, or whether this is a scrivener's error.

2

As of April 19, 2023 (*i.e.,* nearly one (1) month prior to the dates Plaintiff alleges to have visited the Website, and two (2) months before the filing of the Complaint) [*see Compl*. at ¶ 43][3], Pure Green completely and irrevocably remediated the Website, in compliance with the WCAG 2.1. [*See* Franklin Aff. at ¶¶ **3-17**].[4]

Pure Green's Website utilizes technologies that are meant to make it as accessible as possible at all times, in adherence to the WCAG 2.1 at the AA level. [*Id.* at ¶ 7]. These technologies include an accessibility interface known as accessiBe, that allows persons with specific disabilities to adjust the Website's UI (user interface) and design it to their personal needs. [*Id.* at ¶¶ 8-10]. Additionally, the Website utilizes an AI-based application that runs in the background and optimizes its accessibility level constantly. [*Id.* at ¶ 11]. This application remediates the Website's HTML, adapts its functionality and behavior for screen-readers used by blind users, and for keyboard functions used by individuals with motor impairments. [*Id.* at ¶ 12].

## LEGAL STANDARD

### I.   Legal Standard for Dismissal Under Fed.R.Civ.P. 12(b)(1)

Pursuant to Fed.R.Civ.P. 12(b)(1), a party may move for the dismissal of claims for lack of subject-matter jurisdiction. "A case is properly dismissed for lack of subject-matter jurisdiction [] when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005); *see also Sharkey v. Quarantillo*, 541 F.3d 75, 82 (2d Cir. 2008) ("The party invoking federal jurisdiction bears the burden of establishing that jurisdiction

---

[3] The Complaint alleges that "Plaintiff, Pedro Martinez, has made numerous attempts to complete a purchase on Puregreen.com, most recently on May 31, 2023 and June 4, 2023."

[4] On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "[the] court may consider evidence outside the pleadings, such as affidavits and exhibits." *Del-Orden v. Bonobos, Inc.,* 2017 WL 6547902 (S.D.N.Y. 2017) (citation omitted).

exists"). When considering a motion to dismiss for lack of subject-matter jurisdiction, a court "'may refer to evidence outside the pleadings' to resolve the jurisdictional issue." *Bacon v. Walgreen Co.*, 951 F. Supp. 3d 446, 449 (E.D.N.Y. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citations omitted)). While a court "must accept as true all material factual allegations in the complaint, [it is] not to draw inferences from the complaint favorable to [the] plaintiff[]." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004).

## ARGUMENT

### I.     Plaintiff's *Sole* Federal Claim Under the ADA has Been Mooted

It is well-established that Title III of the ADA only allows for injunctive relief. *See* 42 U.S.C. § 12188(a)(1); 42 U.S.C § 2000a–3; *Bacon*, 91 F. Supp. 3d at 451. The ongoing feasibility of "injunctive relief…is a question of mootness." *Jones v. Goord*, 435 F. Supp. 2d 221, 225 (S.D.N.Y. 2006). "The mootness doctrine ensures that the occasion for judicial resolution…persists throughout the life of a lawsuit." *Amador v. Andrews*, 655 F.3d 89, 99-100 (2d Cir. 2011) (citation omitted). Critically, an "actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Already, LLC v. Nike, Inc.*, 133 S.Ct. 721, 727 (2013). The parties must continue to have a personal stake in the outcome of the litigation, and, if the parties have no such legally cognizable interest or the issues presented are no longer live, the claim becomes moot. *See id.; see also Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam).

Plaintiff's **sole** federal claim concerns alleged violations of the ADA. [*See Compl.* at ¶¶ 60-75]. The Complaint identifies three (3) alleged categories of barriers. [*Id*. at ¶ 37(a) – (c)]. As set forth more fully below, Pure Green has completely remediated each of the purported accessibility issues identified in Plaintiff's Complaint, pursuant to the WCAG 2.1.

4

As attested to in the Franklin Aff., Pure Green's Website utilizes technologies that are meant to make it as accessible as possible at all times, in adherence to the WCAG 2.1 at the AA level. [*Id.* at ¶ 7]. These technologies include an accessibility interface known as accessiBe, that allows persons with specific disabilities to adjust the Website's UI (user interface) and design it to their personal needs. [*Id.* at ¶¶ 8-10]. Additionally, the Website utilizes an AI-based application that runs in the background and optimizes its accessibility level constantly. [*Id.* at ¶ 11]. This application remediates the Website's HTML, adapts its functionality and behavior for screen-readers used by blind users, and for keyboard functions used by individuals with motor impairments. [*Id.* at ¶ 12].

In light of the foregoing, Plaintiff's ADA claims are moot because "there is no reasonable expectation that the alleged violation[s] will recur and [] interim…events have completely and irrevocably eradicated the effects of the alleged violation[s]." *Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94, 110 (2d Cir. 2010); *see also Gropper v. Fine Arts Housing, Inc.*, 12 F. Supp. 3d 664, 670 (S.D.N.Y. 2014) (evaluating mootness challenge to ADA claim).

**II.    Plaintiff Lacks Standing to Seek Injunctive Relief Because the Website has Been Remediated**

A plaintiff has standing only if: (i) he has suffered an injury-in-fact; (ii) caused by the defendant's actions; and (iii) redressable by a favorable decision. *Lujan*, 504 U.S. at 560–61. An alleged harm is not an injury-in-fact unless it is (i) "concrete," (ii) "particularized," and (iii) either "actual or imminent." *Id.* at 560. However, because injunctive relief is a forward-looking remedy, courts require that plaintiffs to demonstrate a "likelihood of future harm" in addition to past injury. *Hurley v. Tozzer, Ltd.*, 2018 WL 1872194, at *3 (S.D.N.Y. 2018), *report and recommendation adopted*, 2018 WL 1087946 (S.D.N.Y. 2018). Thus, the Second Circuit has held that a plaintiff establishes standing in an ADA access case only where: (1) a plaintiff personally

5

encounters conditions in violation of the ADA; (2) it is reasonable to infer that the discriminatory treatment will continue; and (3) it is reasonable to infer that plaintiff intends to patronize to the subject location. *See Rizzi v. Hilton Domestic Operating Co*., 2019 U.S Dist. LEXIS 120999 at *12, *16 (E.D.N.Y. 2019); *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187-88 (2d Cir. 2013); *Harty v. Greenwich Hosp. Grp., LLC*, 536 F. App'x 154, 155 (2d Cir. 2013). The evidence shows that Plaintiff has failed to the second and third threshold requirements of bringing an action under Title III of the ADA.

### A. The Alleged Discriminatory Treatments Will not Continue Because the Website has Been Remediated

To pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, a plaintiff must demonstrate real and immediate threat of repeated injury in the future. *Tozzer, Ltd*., 2018 WL 1872194 at *4 (citations omitted).

For the reasons set forth more fully in § I, *supra,* there is no likelihood of any future injury where, as here, each of the purported accessibility issues identified in Plaintiff's Complaint, have been remediated pursuant to the WCAG 2.1.

### III. Plaintiff's State and City Law Claims Should Still be Dismissed on the Merits

### A. Plaintiffs NYSHRL and NYCRL Claims Should be Dismissed for the Same Reasons as Plaintiff's ADA Claim

In addition to Plaintiff's ADA claim, Plaintiff also alleges violations of: (i) the New York State Executive Law § 296, *et seq*. (the "NYSHRL"); (ii) the New York State Civil Rights Law ("NYSCRL"); and (iii) the Administrative Code of the City of New York § 8-107, *et seq*. (the "NYC Code"). Plaintiff's state and city law claims "rise and fall" under the same framework of the ADA claim. *See Mendez v. Apple Inc*., 2019 WL 2611168, at *4 (S.D.N.Y. 2019); *see also Dominguez v. Pizza Hut of Am., LLC*, 2020 WL 3639977, at *2 (S.D.N.Y. 2020); *Mestecky v. New York City Dep't of Educ*., 2018 WL 10509457, at *6 (E.D.N.Y. 2018), *aff'd*, 791 F. App'x 236 (2d

6

Cir. 2019); *see also Kreisler*, 2018 WL 4778914 at *6. In light of the foregoing, Plaintiff's NYSHRL, NYSCRL and NYC Code claims should be dismissed for the same reasons set forth in §§ I – II, *supra*.

    **IV.   If Plaintiff's ADA Claim is Dismissed, Her State and City Law Claims Should Be Dismissed Due to a Lack of Supplemental Subject Matter Jurisdiction**

Assuming *arguendo* that the Court does not dismiss Plaintiff's NYSHRL, NYSCRL and NYC Code claims on the merits, the Court should decline to exercise its supplemental jurisdiction.

If federal question jurisdiction exists, the court has discretion whether to retain supplemental jurisdiction over related state-law claims, even if it has dismissed all federal claims. See *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 399 (2d Cir. 2017). By contrast, "a district court has no such discretion when it properly dismisses, pursuant to Rule 12(b)(1), all federal claims[.]" *See id.*; *see also Bangladesh Bank v. Rizal Commercial Banking Corp.*, 2020 WL 1322275, at *4 (S.D.N.Y. 2020) *appeal withdrawn sub nom. Bangladesh Bank v. Santos Deguito*, 2020 WL 6145040 (2d Cir. 2020) (same); *CWCapital Cobalt VR Ltd. v. CWCapital Investments LLC*, 2018 WL 2731270, at *7 (S.D.N.Y. 2018) ("[w]here 'a district court…lack[s]…subject matter jurisdiction pursuant to Rule 12(b)(1), the district court is…precluded from exercising supplemental jurisdiction over related state law-claims") (*citing Cohen*, 873 F.3d at 399); *Premier Health Ctr., P.C. v. CureMD.com, Inc.*, 2018 WL 1578384, at *3 (S.D.N.Y. 2018) (same proposition) (*citing Cohen*, 873 F.3d at 399); *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) (In the absence of original jurisdiction over any claim, "[i]t would [] be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction.")

Consequently, because the Court must dismiss Plaintiff's ***sole*** federal claim under the ADA [*see* §§ I – II, *supra*], this Court lacks a proper foundation for supplemental jurisdiction over the

7

state law claims asserted in Plaintiff's remaining causes of action. *Kolari v. N.Y.- Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (declining to exercise supplemental jurisdiction over remaining state law claims because court dismissed all claims that it had original jurisdiction over); *Bacon*, 91 F. Supp. 3d at 453 (declining to retain jurisdiction over state law disability discrimination claims after dismissing ADA claim on mootness grounds); *Stan v. Wal-Mart Stores, Inc.*, 111 F. Supp. 2d 119, 127 n. 4 (N.D.N.Y. 2000) (dismissing ADA claims and declining to exercise jurisdiction over state law claims).

## **CONCLUSION**

For all of the foregoing reasons, it is respectfully submitted that Pure Green's Motion to Dismiss should be granted in its entirety, in addition to any such other or further relief as the Court might deem proper or just.

Dated: New York, New York
      May 17, 2024                      LEVIN-EPSTEIN & ASSOCIATES, P.C.

                                              By:   */s/ Jason Mizrahi*
                                                      Jason Mizrahi, Esq.
                                                      60 East 42nd Street, Suite 4700
                                                      New York, NY 10165
                                                      Tel. No.: (212) 792-0048
                                                      Email: Jason@levinepstein.com
                                                      *Attorneys for Defendant*